Jones, J.,
dissenting. I concur in the judgment and in the first, second and fourth propositions of. the syllabus, for the reason that this case was a “pending case” in the court of appeals on January 1, 1913, to be thereafter determined under the then existing laws.
I dissent from the latter part of the third proposition of the syllabus. Section 6, Article IV of the Constitution,, embraces the plenary jurisdiction of the courts of appeals, both original and appellate, and included in that section is the limitation on its jurisdiction or power to reverse on the weight of the evidence. This constitutional provision, ex proprio vigore, definitely seized the subject — weight of the evidence — from the realm of statutory jurisdiction and legislative control, and incorporated it in the constitutional section dealing with the jurisdiction of the courts of appeals. This appellate ■ jurisdiction or power of reversal is unqualified, save *72 by the single, specific limitation that a reversal on the weight of the evidence must be by a concurrence of all the judges of the court of appeáls. The statute in question, Section 11577, General Code, affecting the power of the court to render a judgment, is jurisdictional and not procedural, and became inoperative by the adoption of the section of the constitution above referred to.